## SUPERIOR FIRE PROTECTION COMPANY, Appellant,

v.

## DU ALASKA COMPANY, INC., Appellee.

### No. S–2439.

Supreme Court of Alaska.

May 12, 1989.

Merrilee A. MacLean, Shidler, McBroom, Gates & Lucas, Bellevue, Washington, and Jeffrey M. Feldman, Gilmore & Feldman, Anchorage, for appellant.

Jacob H. Allmaras, William Choquette, Artus, Choquette, Williams & Allmaras, Anchorage, for appellee.

Before MATTHEWS, C.J., and BURKE, COMPTON, and MOORE, JJ.

## OPINION

MATTHEWS, Chief Justice.

This case arises from a complaint filed by Du Alaska Company ("Du Alaska")

---

against Superior Fire Insurance Company ("Superior") to collect money owed for Superior's purchase from Du Alaska of a product called polybutylene pipe. Superior counterclaimed against Du Alaska for breach of express warranty, breach of implied warranty, and breach of implied warranty of fitness for a particular purpose. Superior sought damages for these alleged breaches in the amount of $32,000. Discovery proceeded on these issues. At no time did Superior move to amend its counterclaim to include claims other than those listed above. A few days before trial, however, it became apparent from Superior's trial brief that it intended to press an additional claim against Du Alaska for misrepresentation. Superior apparently sought over $60,000 in additional damages under the new claim. Du Alaska filed a motion in limine to prevent Superior from presenting this claim at trial.

Superior argued that because some of its answers to Du Alaska's interrogatories had raised the misrepresentation issue, and because Du Alaska had not objected to these answers, the parties had impliedly "tried" the issue. Accordingly, it argued in essence that Civil Rule 15(b) required the trial court to allow Superior to amend its pleadings to conform to the evidence. The trial court rejected this argument and granted Du Alaska's motion in limine.

The trial judge's decision did not constitute an abuse of discretion. Civil Rule 15(b) refers to issues not raised by the parties which are "tried" by the express or implied consent of the parties. Although this court has never held that mere reference in pre-trial pleadings to an issue that should have been pled, but was not, can satisfy the trial requirement of Civil Rule 15(b), we assumed in *Koehring Manufacturing Co. v. Earthmovers of Fairbanks, Inc.*, 763 P.2d 499, 508 (Alaska 1988), that doing so might be possible. The question in *Earthmovers* was whether an affirmative defense had been raised in memoranda filed in connection with motions for summary judgment and in a trial brief. We held that the affirmative defense had not been raised in those pleadings. *Id.* However, there is no suggestion in *Koehring*

that the mere mention of a new theory in interrogatories or depositions might suffice to require amendment under Civil Rule 15(b). Such a position would, in our view, clearly be unsound as it would require counsel to comb through all the discovery adduced from an adverse party and make motions to strike answers which are suggestive of unpled theories. This would be unduly burdensome on counsel, and would needlessly increase the trial court's motion practice.

Treating, for the purposes of decision, the trial court's grant of the motion in limine as a denial of a motion by appellant to amend its complaint, no abuse of discretion is present. The issue of misrepresentation was first raised, other than in discovery, in the appellant's pre-trial brief filed on the eve of trial. Discovery had been closed, and appellee made a convincing showing that new witnesses would be required if misrepresentation were to be tried. Further, appellee credibly argued that it would not have dismissed its third party complaint against its supplier if it had known that the new claim with its attendant additional damages were to be tried.

Under the foregoing circumstances, the court did not abuse its discretion in granting the motion in limine to limit the trial to the issues which had been pled.

The judgment is AFFIRMED.

RABINOWITZ, J., not participating.